## FOSTER VS. FOSTER, USE, &C.

A writ of certiorari, directed to a justice of the peace, should be delivered to and returned by him, together with a transcript of the record therein ordered to be certified to the Circuit Court; and not served upon him like a writ of summons.

The dicisions of this court, that, on a writ of certiorari, there should be a judgment of reversal or affirmance with an order remanding the cause if necessary, and not a judgment *de novo* for debt, damages and costs, approved.

### *Error to Union Circuit Court.*

The Hon. SHELTON WATSON, Circuit Judge.

CARLETON, for the plaintiff. The Circuit Court had no jurisdiction to try the case on the merits, until the justice of the peace had responded to the writ of certiorari, and where the Circuit Court acquires jurisdiction on a writ of certiorari, it can render no other judgment than merely to quash the proceedings of the justice, or affirm them with an order to return them to the justice for executing the judgment. 1 *Ark.* 480; 4 *ib.* 473; 5 *ib.* 364; 3 *Eng.* 115 ; 4 *ib* 32; 6 *ib.* 614.

Mr. Justice SCOTT delivered the opinion of the Court.

Upon the petition, with accompanying exhibits of the plaintiff in error, a writ of certiorari to Grumbles, a justice of the peace, was ordered by a Circuit Judge in vacation, returnable into the Union Circuit Court, at the October term, 1851.

The sheriff, instead of delivering the writ to the justice, read it over to him, and himself returned the writ to the clerk, who had issued it, with a like endorsement as .if he had served a writ of summons. It does not appear that the certiorari was ever in

any otherwise served upon the justice. Nor does it appear that the cause was ever certified into the Circuit Court by the justice. At the April term, 1852, the parties, announcing themselves ready for trial, the court, after hearing argument, and on "inspection of the papers," found "no material defect or error in the judgment and decision of the justice," and thereupon rendered a judgment final, in favor of the defendant in error against the plaintiff in error, "for the sum of thirty dollars for his debt, together with the further sum of one dollar and fifty cents damages, besides all costs" in that and in the justice's court. The plaintiff in error took a bill of exceptions, setting out the petition, and exhibits, and the final judgment of the court, and brought his case here by writ of error.

If the judgment of the court could be sustained upon a presumption that the cause intended to have been removed, had been in fact certified into the Circuit Court, in response to the writ of certiorari, we would indulge that presumption, and act upon it, but it cannot, because it is a judgment *de novo* for debt, damages and costs, and not a judgment of reversal or affirmance, with an order remanding the cause if necessary. *Thorn vs. Reed,* 1 *Ark.* 480; *Pulaski County vs. Irvin,* 4 *Ark.* 473; *Anthony Ex parte,* 4 *Ark.* 364; *Sawger vs. Crawford County,* 4 *Eng. R.* 32; *Carnall vs. Crawford Co.,* 6 *Eng.* 614.

The judgment of the Circuit Court must be reversed, and the cause be remanded.